IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| HANCOCK COUNTY LAND ACQUISITIONS, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | Case No. 1:20-cv-3096-AT |

**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendants United States of America, Internal Revenue Service, Catherine C. Brooks, and Pamela V. Stafford (collectively, the Government) respectfully submit this supplemental brief in support of their motion to dismiss Plaintiffs' First Amended Complaint (ECF No. 19). The Government submits this supplemental brief to advise the Court of the Supreme Court's recent decision in *CIC Services, LLC v. Internal Revenue Service*, 593 U.S. – , 2021 WL 1951782 (May 17, 2021). The Court's decision supports the Government's position that the Anti-Injunction Act (AIA), 26 U.S.C. § 7421(a), bars this suit.

In the briefing on its motion to dismiss, the Government included a citation to the Sixth Circuit's decision in *CIC Services, LLC v. Internal Revenue Service*, 925

F.3d 247, 257 (2019), in support of its argument that the AIA bars this suit. (*See* ECF Nos. 22-1 at 14, 26 at 8.) The issue in *CIC Services* is whether the IRS issued Notice 2016-66 in violation of the Administrative Procedure Act (APA). Notice 2016-66 imposes a disclosure requirement on taxpayers and material advisors who participated in micro-captive transactions. 2016-47 I.R.B. 745, 2016 WL 6462459 (Nov. 2, 2016). The Notice also provides that persons who fail to disclose their participation in micro-captive transactions may be subject to civil penalties. *Id.* And 26 U.S.C. § 7203 imposes criminal penalties for the willful failure to comply with IRS reporting requirements.

CIC, as a material advisor to micro-captive transactions, sued to enjoin the enforcement of Notice 2016-66. The District Court dismissed CIC's complaint as barred by the AIA. *See* 925 F.3d at 250. The Sixth Circuit affirmed. In doing so, the court held that CIC's complaint was a suit to restrain the assessment or collection of any tax—and thus barred by the AIA—because the injunction would prevent the imposition of penalties under § 6707A, which are treated as taxes under the Internal Revenue Code. *Id.* at 255-57.

On May 17, 2021, the Supreme Court reversed the lower courts and held that CIC's suit was not barred by the AIA. The Court provided three reasons for its holding. First, CIC's suit challenges the reporting obligations of the Notice, which

2

are "likely to involve significant time and expense," and not any tax. 2021 WL 1951782 at *6. Second, "the Notice's reporting rule and statutory tax penalty are several steps removed from each other." *Id.* Third—and most important—failing to file the report required by the Notice is punishable by criminal penalties. *See id.* (describing § 7203's potential imposition of criminal liability as the fact that "clinches the case" and as "practically necessitat[ing] a pre-enforcement, rather than a refund, suit"). Together, these facts show that CIC's suit "targets the upstream reporting mandate [of Notice 2016-66], not the downstream tax." *Id.* at *7. And so, the AIA does not bar CIC's suit. *Id.*

The Court's decision in *CIC Services* does not pave the way for this matter to proceed. On the contrary, it reinforces that the AIA bars this suit.

The Court made clear that a suit's purpose is determined from its "objective aim." *Id.* at *5. The objective aim of Plaintiffs' suit is to restrain the assessment or collection of taxes. Plaintiffs seek an injunction to prohibit the IRS from issuing a Final Partnership Administrative Adjustment (FPAA) until after the examination of HCLA's 2016 tax year is reviewed by the IRS Independent Office of Appeals. Issuing an FPAA is necessary and integral to assess tax under the Tax Equity and

Fiscal Responsibility Act of 1982 (TEFRA).[1] And so, Plaintiffs' attempt to enjoin the issuance of the is barred by the AIA. *See Kemlon Prods. & Dev. Co. v. United States*, 638 F.2d 1315, 1320 (5th Cir. 1981), *modified on other grounds,* 646 F.2d 223 (5th Cir. 1981).

This action also is factually distinguished from *CIC Services*. Plaintiffs are not challenging the issuance of a regulatory notice. They are challenging the IRS's discretionary denial of their request for review by Appeals. That challenge does not raise any of the three factors underpinning the Court's holding in *CIC Services*.

First, Plaintiffs' requested relief is not a challenge to an affirmative reporting obligation that entails "its own substantial costs." *CIC Servs.*, 2021 WL 1951782 at 7. It is an effort to curtail the assessment process. Plaintiffs admit this in their complaint. (ECF No. 19 ¶ 10.)

Second, Plaintiffs' requested relief is not several steps removed from the assessment of taxes against HCLA's partners. The process of assessment started when the IRS examined HCLA's 2016 tax year. It continued with the issuance of the FPAA. And it continues with the pending challenge to the FPAA in Tax Court.

---

[1] Congress overhauled the statutes governing the tax procedure for partnerships, effective January 2018. *See* Bipartisan Budget Act of 2015, Pub. L. No. 114-74, § 1101 (2015). Because the 2016 tax year is at issue, the TEFRA provisions in effect during that year apply.

4

Thus, HCLA's partners, unlike CIC, are on "the cusp of tax liability." *CIC Servs.*, 2021 WL 1951782 at *6. And so, the requested relief—which stops dead the process for assessing taxes against HCLA's partners—is barred by the AIA.

Last, Plaintiffs are not forced to break the law and subject themselves to potential criminal liability before challenging the assessment or collection of any taxes resulting from the FPAA. Central to the Court's analysis in *CIC Services* is the fact that CIC could not follow the AIA's "familiar pay-now-sue-later procedure" without subjecting itself to potential criminal liability. *Id.* at *6. But that concern is not present here. HCLA's partners can petition—and in fact have petitioned—for a preassessment readjustment of the partnership items set forth in the FPAA without being forced to subject themselves to potential criminal liability.

In sum, *CIC Services* supports the Government's position that the AIA bars this suit. The objective aim of Plaintiffs' suit is to restrain the assessment and collection of tax against HCLA's partners, and none of the factors supporting the Court's decision in *CIC Services* are present.

Dated May 24, 2021.

                                                      Respectfully submitted,

                                                      DAVID A. HUBBERT
                                                      Acting Assistant Attorney General

*/s/ Thomas K. Vanaskie*
THOMAS K. VANASKIE
D.C. Bar No. 1000405
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-305-7921 (v)
202-514-4963 (f)
Thomas.K.Vanaskie@usdoj.gov

Of Counsel:

KURT R. ERSKINE
Acting United States Attorney

NEELI BEN-DAVID
Assistant United States Attorney
Georgia Bar No. 049788
Office of the U.S. Attorney
75 Ted Turner Drive, SW, Suite 600
Atlanta, GA 30303
404-581-6303 (v)
Neeli.Ben-David@usdoj.gov

## CERTIFICATE OF COMPLIANCE

I certify that this document was formatted in Times New Roman 14 pt., in compliance with Local Rule 5.1C.

                          */s/ Thomas K. Vanaskie*
                          THOMAS K. VANASKIE
                          Trial Attorney, Division
                          U.S. Department of Justice

## CERTIFICATE OF SERVICE

I certify that on May 24, 2021, the foregoing Supplemental Brief in Support of Defendants' Motion to Dismiss First Amended Complaint and the exhibit attached thereto was electronically filed with the Clerk of the Court through the CM/ECF System, which sent notice of electronic filing to all counsel of record.

                          */s/ Thomas K. Vanaskie*
                          THOMAS K. VANASKIE
                          Trial Attorney, Tax Division
                          U.S. Department of Justice